131 Nev., Advance Opinion 95

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF P.S., A MINOR CHILD. | No. 66410 |

P.S.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

**FILED**

DEC 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

Appeal from a juvenile court order affirming the recommendation of the juvenile court master to adjudicate the amount of restitution appellant owed. Second Judicial District Court, Family Court Division, Washoe County; Egan K. Walker, Judge.

*Affirmed.*

Jeremy T. Bosler, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County, for Appellant.

Christopher J. Hicks, District Attorney, and Adam Paul Laxalt, Attorney General, Carson City; Terrence P. McCarthy, and Shelly K. Scott, Deputy District Attorney, Washoe County, for Respondent.

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

3/21/16: Corrected per letter to publishers. CT

15-39571

## OPINION

By the Court, GIBBONS, J.:

In this opinion, we consider whether NRS 62B.030(4) requires the juvenile court to direct a hearing de novo if, after a master of the juvenile court provides notice of the master's recommendations, a person who is entitled to such notice files a timely request for a hearing de novo. We conclude that, under NRS 62B.030 the district court has discretion whether to direct a hearing de novo when one is timely requested.

## DISCUSSION

Appellant P.S. argues that, pursuant to NRS 62B.030, a district court must conduct a hearing de novo after reviewing the recommendations of a master of the juvenile court if one is timely requested. We disagree.

*Standard of review*

This case raises issues of statutory interpretation, which this court reviews de novo. *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 226, 209 P.3d 766, 768 (2009). "This court has established that when it is presented with an issue of statutory interpretation, it should give effect to the statute's plain meaning." *Id.* at 228, 209 P.3d at 769. "Thus, when the language of a statute is plain and unambiguous, such that it is capable of only one meaning, this court should not construe that statute otherwise." *Id.* at 228-29, 209 P.3d at 769.

*NRS 62B.030 gives the district court discretion whether to grant a hearing de novo*

NRS 62B.030(4) directs the district court's review of a juvenile court master's recommendation. NRS 62B.030(4) states:

After reviewing the recommendations of a master of the juvenile court and any objection to the master's recommendations, the juvenile court *shall*:

   (a) Approve the master's recommendations, in whole or in part, and order the recommended disposition;

   (b) Reject the master's recommendations, in whole or in part, and order such relief as may be appropriate; *or*

   (c) Direct a hearing de novo before the juvenile court if, not later than 5 days after the master provides notice of the master's recommendations, a person who is entitled to such notice files with the juvenile court a request for a hearing de novo before the juvenile court.

(Emphasis added.)

We conclude that based upon a plain reading, NRS 62B.030(4) does not require the district court to conduct a hearing de novo every time a party requests one. NRS 62B.030(4)'s use of the word "shall" means that the district court is required to choose one of the three options laid out in NRS 62B.030(4): (a) accept the master's recommendation in whole or in part, (b) reject the master's recommendation in whole or in part, or (c) conduct a hearing de novo if one is timely requested. As long as the district court chooses one of these three options, it has complied with the statute. *See Trent v. Clark Cnty. Juvenile Court Servs.*, 88 Nev. 573, 577, 502 P.2d 385, 387 (1972) (concluding that under NRS 62B.030's predecessor, NRS 62.090, a district court is not required to conduct a hearing de novo when requested under subpart (c)). Accordingly, the district court did not violate NRS 62B.030(4) by denying P.S.'s request for a hearing de novo because NRS 62B.030(4) grants the district court

discretion to decide whether to grant such a hearing. We therefore affirm the district court's order.

_____, J.
Gibbons

We concur:

_____, J.
Saitta

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A